IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEE MYUNG JA, as special administrator of the Estate of PARK JONG DAL, deceased,<br><br>    Plaintiff,<br><br> v.<br><br>THE BOEING CO., a corporation,<br><br>    Defendant. | No. 25-cv-10509 |

**THE BOEING COMPANY'S OPPOSITION TO
PLAINTIFF'S MOTION TO TRANSFER VENUE**

  This is one of three cases before this Court that arises from Jeju Air flight 7C2216, which crashed into a concrete embankment after striking a flock of birds at Muan International Airport in South Korea and tragically killed 179 people. The accident aircraft was operated by a South Korean airline, crashed at an airport designed by South Koreans, and filled almost entirely with South Korean passengers; none were U.S. citizens. Plaintiff, a South Korean personal representative of a South Korean citizen who died in the accident, filed this lawsuit in Illinois state court, and Boeing removed it to this Court. Boeing has moved to dismiss this case and the two related cases on the grounds of *forum non conveniens* because these cases should be heard in South Korea, not in this Court, the Eastern District of Virginia, or any other U.S. forum. Boeing's Mot. to Dismiss on Grounds of *Forum Non Conveniens*, Dkt. No. 16 ("Mot. to Dismiss").

  Having chosen to file this action in Illinois, Plaintiff now asks the Court to transfer this case, and only this case, to the Eastern District of Virginia. Mot. to Transfer, Dkt. No. 10. The sole reason asserted by Plaintiff is that she "filed this action in Illinois in the belief that defendant would either agree to jurisdiction in Illinois or move to transfer this action to the Eastern District of

Virginia," but "defendant did neither," so now this "court does not have personal jurisdiction over defendant." *Id.* ¶¶ 4–5. The Court should deny this motion to transfer for multiple reasons.

First, Plaintiff never asked Boeing for its position on personal jurisdiction before filing this motion, relying instead solely on an affirmative defense pled as a precautionary measure in Boeing's answer. *See* Mot. to Transfer ¶ 3. But Boeing answered the complaint and has not moved to dismiss for lack of personal jurisdiction. To be clear, Boeing does not believe that this forum, or any other in the U.S., is the appropriate forum for this litigation and, consequently, has filed its *forum non conveniens* motion to dismiss. That is the vehicle that will allow this Court to determine the proper forum for this case. To facilitate that determination, Boeing waives the personal jurisdiction affirmative defense it asserted in this matter (and the other two related matters). Consent to jurisdiction moots and precludes Plaintiff's motion to transfer under 28 U.S.C. § 1406. *See, e.g.*, *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1128 (N.D. Ill. 1989).

Second, even if Plaintiff continues to seek transfer, Plaintiff must show a significant change in circumstances since filing that justifies a transfer from the jurisdiction where Plaintiff chose to file her lawsuit. Plaintiff's motion does not address this requirement. The only change Plaintiff could plausibly argue to fulfill this requirement is Boeing's assertion of a personal jurisdiction defense in its answer, but the assertion of a foreseeable (and in fact foreseen) defense is not a significant change warranting transfer. *See, e.g.*, *HMF Affiliates, LLC v. Weismann*, No. 21-10078, 2023 WL 373298, at *5 (S.D.N.Y. Jan. 24, 2023) (rejecting the argument "that a foreseeable defense constitutes a change in circumstances warranting transfer").

Third, even if this Court were to reach the merits under 28 U.S.C. § 1404(a), which would be the sole basis for transfer available to Plaintiff, Plaintiff does not even attempt to show that the Eastern District of Virginia is the clearly more convenient forum or that transfer there is in the

BOEING'S OPPOSITION TO
PLAINTIFF'S MOTION TO TRANSFER

-2-

interest of justice. Plaintiff did not identify any witnesses or evidence located in Virginia, nor could she. As explained in Boeing's motion to dismiss, the vast majority of the witnesses and evidence are located in South Korea. Mot. to Dismiss 8–10. Moreover, the interest of justice, a consideration which embraces traditional notions of judicial economy, does not warrant transfer because the most efficient use of judicial resources would be for this Court to decide Boeing's motion to dismiss on the grounds of *forum non conveniens*, as that is the proper vehicle to determine the correct forum for this case. The analysis for both motions involve similar considerations, and it would make little sense for this Court to transfer these actions to the Eastern District of Virginia only to leave that court to analyze the same issues to determine whether Korea is the more appropriate forum.

For these reasons, the Court should deny Plaintiff's motion to transfer.

## BACKGROUND

**Procedural Background**. This action, like the two other related cases, was initially filed in Illinois state court in Cook County and then removed to this Court. The related cases, also removed by Boeing to this Court, have been reassigned to Your Honor. *Hye v. The Boeing Co.*, Case No. 1:25-cv-10512, Dkt. No. 10; *Chae v. The Boeing Co.*, Case No. 1:25-cv-10512, Dkt. No. 9. Aside from the identities of the Plaintiffs and decedents, the complaints in all three cases are the same. Each features a special administrator and decedent who are residents and citizens of South Korea. *See* Compls. 1. Each complaint asserts a wrongful death claim against Boeing with causes of action sounding in strict products liability and negligence. *See id.* at 1, 5. And each complaint alleges that the accident occurred because of defects in the Subject Aircraft itself or its manuals and instruction materials. *See* Compls. 2, 5.

BOEING'S OPPOSITION TO
PLAINTIFF'S MOTION TO TRANSFER

Before the other two cases were reassigned, Plaintiff filed the instant motion to transfer the *Ja* action to the Eastern District of Virginia. *See* Mot. to Transfer. Thereafter, Boeing filed its motion to dismiss on the grounds of *forum non conveniens* in all three cases. Mot. to Dismiss. The Plaintiffs in the two related actions have not joined this motion or filed a similar one in their cases.

**Factual Background**. In short, the accident occurred when Jeju Air flight 7C2216 struck a flock of birds on its approach into Muan International Airport in Muan County, South Korea. Shultz Decl. Ex. B, at 1, Dkt. No. 18-2. The aircraft ultimately landed without its landing gear deployed, skidded past the end of the runway, and collided with a concrete berm that supported instruments used to help guide aircraft to landing (a "localizer"), at which point it broke into pieces and burst into flames. *Id.* at 1–2. 179 of the 181 people on board were killed. *Id.* at 1. Two of the passengers were Thai citizens. The other 173 passengers and six crew (including two survivors) were South Korean citizens. Park Decl. ¶ 8, Dkt. No. 19. No Americans were on board. The airport, including the localizer structure, was designed, built, and operated by Korean entities and Jeju Air is a Korean airline. Shultz Decl. Ex. G, Dkt. No. 18-7.

The accident gave rise to numerous investigations. South Korea's Aviation and Railway Accident Investigation Board ("ARAIB") is leading an investigation pursuant to Annex 13 of the Convention on International Civil Aviation. Weidner Decl. ¶ 7, Dkt. No. 17. In addition to the ARAIB investigation, Korean authorities have also established a criminal investigation and a parliamentary investigation into the accident. Park Decl. ¶¶ 9, 142–46. Concurrent with these government-led investigations, family members of victims filed a criminal complaint in Korea against 15 Korean government and aviation authority officials whom they allege bear responsibility for the accident. Shultz Decl. Ex. D, Dkt. No. 18-4. Neither Boeing nor any U.S.

person has been identified as a focus of either the government's criminal investigation or the criminal complaint.

The factual background of the accident; the relevant parties; the multiple ongoing investigations into the accident; the criminal suspects registered in South Korea; and the South Korean government's extensive, documented public interest in the accident are set forth at length in Boeing's Motion to Dismiss. *See* Mot. to Dismiss 3–6. Boeing incorporates that section of its motion as if fully set forth herein.

## LEGAL STANDARD

Plaintiff moves the court to transfer this action pursuant to 28 U.S.C. § 1406(a). Under that section, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). However, as noted above and discussed below, Boeing waives its personal jurisdiction defense in this action and the two related actions. Therefore, if Plaintiff continues to seek transfer, the proper venue transfer statute under which to analyze Plaintiff's motion would be 28 U.S.C. § 1404(a).[1] *See Florsheim Grp., Inc. v. Vila*, No. 01-3334, 2001 WL 1263358, at *1 (N.D. Ill. Oct. 18, 2001) ("A consent to jurisdiction operates as a consent to venue, as well, and precludes a motion to transfer for improper venue under 28 U.S.C. § 1406(a).") (citing *Heller Fin., Inc.*, 713 F. Supp. at 1128).

Where, as here, a plaintiff seeks to transfer a case away from its initially chosen forum, the plaintiff must demonstrate a change in circumstance that has occurred since the filing of the action

---

[1] Regardless of which venue transfer statute the Court applies, the analysis is the same. *See, e.g.*, *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 530 (7th Cir. 2002) (noting that Section 1406(a) "closely parallel[s]" Section 1404(a) and permits transfers "under the same conditions").

that justifies transfer. *Coll. Ret. Equities Fund v. Boeing Co.*, No. 22-3845, 2025 WL 1207313, at *2 (N.D. Ill. Apr. 25, 2025); *Craftwood II Inc. v. Generac Power Sys., Inc.*, No. 17-4105, 2020 WL 13602760, at *2 (N.D. Ill. Mar. 11, 2020); *Qurio Holdings, Inc. v. DIRECTV, LLC*, No. 14-7502, 2015 WL 1943278, at *3 (N.D. Ill. Apr. 29, 2015); *Warner-Lambert Co. v. Apotex Corp.*, No. 98-4293, 2001 WL 854854, at *2 (N.D. Ill. July 27, 2001). To justify transfer, the change in circumstances must be "significant." *See Warner-Lambert Co.*, 2001 WL 854854, at *2 (denying the plaintiff's motion to transfer because "Plaintiff points to no *significant* change of circumstances") (emphasis added).

To the extent that the Court reaches the merits of the motion, section 1404(a) states that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When deciding whether to transfer a case under § 1404(a), a district court must evaluate the relative convenience of the transferee forum and considerations pertaining to the "interest of justice." *See In re Ryze Claims Sols., LLC*, 968 F.3d 701, 707–08 (7th Cir. 2020). The party seeking transfer bears the burden of showing that transfer is appropriate. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

In evaluating the convenience of the transferee forum, district courts consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties. *L. Bull. Publ'g Co. v. LRP Publ'ns*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998). In order to warrant transfer, the transferee forum must be "clearly more convenient." *Coffey*, 796 F.2d at 219–20.

The "interest of justice" prong "embraces traditional notions of judicial economy, rather than the private interests of the litigants . . . ." *Allied Van Lines, Inc. v. Aaron Transfer & Storage,*

*Inc.*, 200 F. Supp. 2d 941, 947 (N.D. Ill. 2002). In evaluating whether the proposed transfer will serve the "interest of justice," courts must consider factors such as docket congestion, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each district, and the relationship of each community to the controversy. *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Courts are also mindful of attempts to engage in gamesmanship, including forum shopping and procedural jockeying, which are decidedly not in the interest of justice. *See Mgmt. Registry v. Batinich*, No. 17-8834, 2018 WL 1586244, at *5 (N.D. Ill. Apr. 2, 2018).

## ARGUMENT

**A.  Boeing waives its personal jurisdiction defense, which moots Plaintiff's motion.**

Plaintiff's rationale for bringing this motion is that the Court lacks personal jurisdiction over Boeing. *See* Pl.'s Notice of Filing, Dkt. No. 11 ("The motion seeks a transfer of this action to the U.S. District Court for the Eastern District of Virginia for the reason that this Court does not have jurisdiction over defendant."). But Plaintiff never asked Boeing for its position on personal jurisdiction before filing this motion, relying instead solely on an affirmative defense pled in Boeing's answer. *See* Mot. to Transfer ¶ 3. Indeed, Boeing has not moved to dismiss this action based on a lack of personal jurisdiction or otherwise indicated to Plaintiff that it would do so. And now Boeing agrees to waive its personal jurisdiction defense in this action and the two other related actions.[2] The parties therefore need not waste the Court's time as that waiver precludes Plaintiff's motion to transfer pursuant to 28 U.S.C. § 1406(a). *See Heller Fin., Inc.*, 713 F. Supp. at 1128 ("[C]onsent to jurisdiction provisions operate as a consent to both jurisdiction and venue, thereby

---

[2] Boeing's waiver applies only to this action and the two related actions. Boeing does not, for purposes of any other action, concede that this Court has jurisdiction over it.

BOEING'S OPPOSITION TO
PLAINTIFF'S MOTION TO TRANSFER

precluding a motion to transfer for improper venue under 28 U.S.C. § 1406(a) . . . ."); *Florsheim Grp., Inc.*, 2001 WL 1263358, at *1 ("A consent to jurisdiction operates as a consent to venue, as well, and precludes a motion to transfer for improper venue under 28 U.S.C. § 1406(a)."); *Plymouth Cap. Ltd. v. Three S Farms*, No. 97-7740, 1998 WL 242154, at *3 (N.D. Ill. May 6, 1998) (dismissing motion to transfer based on improper venue as moot because the defendant consented to personal jurisdiction). The Court can and should deny Plaintiff's motion for this reason alone.

**B.    Plaintiff has not shown a significant change in circumstances justifying transfer from her chosen forum.**

"[W]here a plaintiff seeks to transfer a case away from its initially chosen forum, courts in this district have required a change in circumstances justifying the transfer." *Qurio Holdings, Inc.*, 2015 WL 1943278, at *3; *see Salton, Inc. v. Philips Domestic Appliances & Pers. Care B.V.*, 391 F.3d 871, 876 (7th Cir. 2004) ("Of course ordinarily a plaintiff, having chosen the forum for his suit, does not turn around and seek a change of forum. *But circumstances may alter*, and a plaintiff who decides that the forum in which he has sued is inconvenient after all can ask the court to transfer the case to another federal district . . . .") (emphasis added); *see, e.g.*, *Coll. Ret. Equities Fund*, 2025 WL 1207313, at *2; *Craftwood II Inc.*, 2020 WL 13602760, at *2; *Warner-Lambert Co.*, 2001 WL 854854, at *2.

Plaintiff does not address this requirement, and there is no change in circumstance that justifies a transfer. The only change in circumstance discernable from the Motion is that Plaintiff "filed this action in Illinois in the belief that defendant would either agree to jurisdiction in Illinois or move to transfer this action to the Eastern District of Virginia," but "defendant did neither." Mot. to Transfer ¶ 5. That is not enough. Plaintiff does not explain the basis for her belief that

Boeing would agree to jurisdiction here or to a transfer. Nor could she, as Boeing did not previously agree to either. Further, the assertion of foreseeable defenses does not constitute a change in circumstances warranting transfer. *HMF Affiliates, LLC*, 2023 WL 373298, at *5. Having apparently foreseen the questionable personal jurisdiction over Boeing in this case, Plaintiff cannot plausibly argue that it was unforeseeable Boeing would raise that issue as a defense and, in fact, they do not. *See* Mot. to Transfer ¶¶ 2–5. In any event, given Boeing's waiver, the assertion of a now abandoned defense cannot be construed as a change in circumstance that could justify transfer.

The only other change that occurred since the filing of the complaint is removal to this Court. But, to Boeing's knowledge, no court has found that the removal of an action in and of itself is a change of circumstance sufficient to justify a transfer. And Plaintiff neither makes that argument nor cites any authority for that proposition. Accordingly, Plaintiff has not shown a change in circumstance justifying transfer, and the Court should deny Plaintiff's motion.

**C.**   **Plaintiff has failed to demonstrate that the Eastern District of Virginia is clearly more convenient or that a transfer is in the "interest of justice."**

Even if Plaintiff could show a change of circumstances justifying transfer—which she does not even attempt—Plaintiff does not carry her burden to show that transfer to the Eastern District of Virginia is clearly more convenient. Nor does she show that transfer is in the "interest of justice." She does not even try and the motion should be denied.

**1.**   **The Eastern District of Virginia is not convenient for the witnesses and parties.**

Plaintiff does not make any effort to show that the Eastern District of Virginia is more convenient for the witnesses and parties. *See* Mot. to Transfer. Nor could she, as Virginia is not a convenient or appropriate forum for this case. As explained in more detail in Boeing's motion to

dismiss on the grounds of *forum non conveniens*, South Korea is the only convenient and appropriate forum to hear Plaintiff's claims. Mot. to Dismiss 8–15.

Plaintiff and decedent are citizens and residents of Korea. *See* Compls. ¶¶ 1–2. And almost all non-Boeing witnesses are also located in South Korea. For example, all witnesses with knowledge of Plaintiff's damages are likely in South Korea. The same is true of almost all witnesses with knowledge regarding liability issues, including, among others:

- Investigators from the ARAIB, who are members of the Annex 13 team, including the investigator in charge;

- Individuals from the South Korean Jeonnam Provincial Police Agency who are investigating the Accident;

- Individuals who were on the air traffic control team on the day of the Accident;

- Eyewitnesses to the Accident;

- First responders and other emergency services personnel who responded to the Accident;

- Individuals with knowledge regarding the construction, operation, and safety audits of the Muan International Airport, including the design of the concrete embankment, which housed the localizer at the end of runway;

- Individuals with knowledge regarding Muan International Airport's procedures, policies, and practices to manage wildlife and otherwise prevent bird strikes;

- Individuals with knowledge regarding the flight crew's training, qualifications, past performance, health, and state of mind, including the crew's families, friends, health care providers, and personnel with Jeju Air;

- Individuals with knowledge regarding Jeju Air's operations, maintenance practices, training procedures, and crew selection and evaluation, including personnel with Jeju Air; and

- Individuals with knowledge regarding the South Korean government's licensing and regulatory oversight of Jeju Air, the Subject Aircraft, and the Subject Aircraft's flight crew.

Weidner Decl. ¶ 14. None of these witnesses can be compelled to provide testimony in either Illinois or Virginia. *See Relational, LLC v. Hodges*, 627 F.3d 668, 673 (7th Cir. 2010) ("[F]oreign nationals are beyond the court's subpoena power.").[3] And even if the witnesses would voluntarily appear (which is far from certain), neither Illinois nor Virginia is convenient for any Korean witnesses, who would need to fly over 12 hours to get to either jurisdiction. Further, the average nonstop flight time from Seoul to Virginia is approximately forty-five minutes longer than the flight time to Chicago.[4] Thus, if anything, the Eastern District of Virgina is even less convenient than Illinois.

Similarly, Virginia is not more convenient for any Boeing witnesses.[5] The Subject Aircraft was assembled in the State of Washington, which is also where most of Boeing's design work for the 737-800 aircraft took place. Weidner Decl. ¶ 19. Thus, Boeing employees with responsibility for and knowledge of the design, manufacture, assembly, testing, and certification for 737-800 model aircraft are located predominately in the State of Washington. *See id.* None are in Virginia.

---

[3] Moreover, courts have recognized that obtaining testimony of non-party foreign nationals through the Hague Convention on the Taking of Evidence Abroad is time consuming, expensive, and, in some circumstances, not even viable. *Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487, 503 (N.D. Ill. 2021).

[4] *Compare Direct flights from Washington D.C. to Seoul*, Tripadvisor, https://www.tripadvisor.com/Flights-g28970-o294197-Seoul_to_Washington_DC.html (last visited Sept. 29, 2025), *with Direct flights from Seoul to Chicago*, Tripadvisor, https://www.tripadvisor.com.sg/Flights-g35805-o294197-Seoul_to_Chicago.html (last visited Sept. 29, 2025).

[5] Plaintiff may argue on reply that Virginia is the location of Boeing's corporate headquarters and that Virginia is therefore more convenient, but the location of Boeing's corporate headquarters is not determinative. *See Coll. Ret. Equities Fund*, 2025 WL 1207313, at *4–5 (denying plaintiff's motion seeking transfer to the Eastern District of Virginia notwithstanding that Boeing's global headquarters is located there); *see also Andrade v. Chase Home Fin., LLC*, No. 04-8229, 2005 WL 3436400, at *5 (N.D. Ill. Dec. 12, 2005) (noting that the mere fact that a business is headquartered in a forum is not determinative in deciding a motion to transfer).

BOEING'S OPPOSITION TO
PLAINTIFF'S MOTION TO TRANSFER

Weidner Decl. ¶ 20. Accordingly, the Eastern District of Virginia is not the clearly more convenient forum for these or any of the witnesses or the parties.

    **2.    The Eastern District of Virginia is not the situs of material events or the predominant location of sources of proof.**

Plaintiff also fails to make any argument that the Eastern District of Virginia is the situs of material events or the predominant location of sources of documentary proof. This accident, which involved a South Korean airline and an aircraft registered and maintained in South Korea, crashed in South Korea. None of the material events occurred in the Eastern District of Virginia.

As discussed in more detail in Boeing's motion to dismiss on the grounds of *forum non conveniens*, almost all relevant evidence is located in South Korea. All evidence related to Plaintiffs' damages, such as the decedent's tax, employment, and medical records, is likely there. Similarly, almost all liability evidence is in South Korea as well. That would include, among other things:

- The accident site, including the runway and embankment the Subject Aircraft crashed into during the Accident;

- The majority of the wreckage of the Subject Aircraft;

- Documents related to the design, construction, maintenance, and safety audits of the Muan International Airport and the concrete embankment that housed the localizer at the end of runway there;

- Documents relating to airport facility management at Muan International Airport;

- Documents created by first responders and emergency personnel;

- Documents related to Muan International Airport's procedures, policies, and practices relating to wildlife management and bird strike prevention;

- The South Korean Jeonnam Provincial Police Agency's investigation file, which likely contains the documents discussed above and others;

- Documents related to the flight crew's training, oversight, medical history, licensing, selection, qualifications, and evaluation, including their past performance;

- Maintenance records for the Subject Aircraft;

- Documents related to Jeju Air's operations policies and maintenance practices;

- Records related to the South Korean's regulator's certification and regulatory oversight of Jeju Air, the Subject Aircraft, and the Subject Aircraft's flight crew; and

- The ARAIB's investigation file, which likely contains the documents discussed above and others.

Weidner Decl. ¶ 15. Almost all of the documents in Boeing's possession regarding the ARAIB investigation are located in the State of Washington, where Boeing also maintains custody and control over most of the documents relating to the design, manufacture, assembly, testing, certification, and manuals for the 737-800 model aircraft. Weidner Decl. ¶ 19. Boeing has agreed as a condition of *forum non conveniens* dismissal to make any evidence in its possession, custody, or control available in Korea to the extent requested by a Korean court. Shultz Decl. ¶ 11, Dkt. No. 18. None of this proof is in Virginia. Accordingly, the Eastern District of Virginia is neither the situs of material events nor the more convenient forum for access to sources of proof. Plaintiff does not even attempt to show otherwise, nor can she.

   **3. Transfer will not serve the interest of justice.**

  The interest of justice also weighs against transferring this case. With respect to judicial economy, the most efficient use of judicial resources would be to keep this case in this District so the Court can decide Boeing's motion to dismiss on the grounds of *forum non conveniens*. The doctrine of *forum non conveniens* is guided by similar concerns for convenience and fairness. *See* Mot. to Dismiss 6–7. The outcome of that motion is subject to controlling precedent from the U.S.

Supreme Court (*Piper v. Reyno*, 454 U.S. 235 (1981)) and the Seventh Circuit (*Clerides v. Boeing*, 534 F.3d 623 (7th Cir. 2008)), affirming that foreign courts are more convenient forums for litigation arising out of foreign aviation accidents.[6] It would make little sense for this Court to make findings regarding those considerations in order to resolve the instant motion only to transfer the case to the Eastern District of Virginia and leave that court to take up similar issues again.

As for the Court's familiarity with the applicable law, the respective desirability of resolving controversies in each district, and the relationship of each community to the controversy, none of these factors warrant transfer. Regardless of which choice of law rules apply, Virginia substantive law is unlikely to be the applicable law because Virginia is not alleged to be the place of the wrong and has no significant relationship to the dispute. Likewise, neither Virginia nor Illinois have any real interest in the resolution of this matter or relationship to the dispute, so these factors are a wash. Rather, the forum with the greatest relationship to the controversy and the most interest in resolving it is South Korea, as explained in detail in Boeing's motion to dismiss. Mot. to Dismiss 12–15.

---

[6] *See also Ahmed v. Boeing Co.*, 720 F.2d 224, 225 (1st Cir. 1983) (affirming dismissal on *forum non conveniens* grounds in a case arising from a foreign aviation accident); *Lleras v. Excelaire Servs.*, 354 F. App'x 585, 587 (2d Cir. 2009) (same); *Dahl v. United Techs. Corp.*, 632 F.2d 1027, 1028 (3d Cir. 1980) (same); *Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 827 (5th Cir. 1993) (same); *Kryvicky v. Scandinavian Airlines Sys.*, 807 F.2d 514, 518 (6th Cir. 1986); *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1145–47 (9th Cir. 2001) (same); *Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 604 (10th Cir. 1998); *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1281 (11th Cir. 2001) (same); *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1429–30 (11th Cir. 1996) (same); *In re Air Crash over the S. Indian Ocean*, 946 F.3d 607, 612 (D.C. Cir. 2020) (same).

## CONCLUSION

Plaintiff has not met her burden to justify transfer. The Court should deny the Motion.

DATED: October 14, 2025　　　　　　　　THE BOEING COMPANY

　　　　　　　　　　　　　　　　　　　By: /s/ Mack H. Shultz

　　　　　　　　　　　　　　　　　　　Mack H. Shultz
　　　　　　　　　　　　　　　　　　　Daniel P. Ridlon
　　　　　　　　　　　　　　　　　　　**Perkins Coie LLP**
　　　　　　　　　　　　　　　　　　　1301 Second Avenue
　　　　　　　　　　　　　　　　　　　Suite 4200
　　　　　　　　　　　　　　　　　　　Seattle, WA 98101-3804
　　　　　　　　　　　　　　　　　　　Phone: (206) 359-8000
　　　　　　　　　　　　　　　　　　　Fax: (206) 359-9000
　　　　　　　　　　　　　　　　　　　MShultz@perkinscoie.com
　　　　　　　　　　　　　　　　　　　DRidlon@perkinscoie.com

　　　　　　　　　　　　　　　　　　　Patrick P. Clyder
　　　　　　　　　　　　　　　　　　　**McGuireWoods LLP**
　　　　　　　　　　　　　　　　　　　77 West Wacker Drive
　　　　　　　　　　　　　　　　　　　Suite 4100
　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601-1818
　　　　　　　　　　　　　　　　　　　Phone: (312) 849-8100
　　　　　　　　　　　　　　　　　　　Fax: (312) 849-3690
　　　　　　　　　　　　　　　　　　　PClyder@mcguirewoods.com

　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant The Boeing Company*