**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LEE MYUNG JA, Special Administrator of the Estate of PARK JONG DAL, deceased,<br><br>    Plaintiff,<br> v.<br><br>THE BOEING CO., a corporation,<br><br>    Defendant. | No. 1:25-cv-10509 |
| KIM DA HYE, Special Administrator of the Estate of KIM YOUNG JUN, deceased,<br><br>    Plaintiff,<br> v.<br><br>THE BOEING CO., a corporation,<br><br>    Defendant | No. 1:25-cv-10512 |
| KANG SEUNG YANG, Special Administrator of the Estate of LEE YUN CHAE, deceased,<br><br>    Plaintiff<br> v.<br><br>THE BOEING CO., a corporation,<br><br>    Defendant. | No. 1:25-cv-10513 |

**THE BOEING COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO
VOLUNTARILY DISMISS CONSOLIDATED ACTIONS WITHOUT PREJUDICE
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(A)(2)**

These three related cases all arise from Jeju Air flight 7C2216, which crashed into a concrete embankment after striking a flock of birds at Muan International Airport in South Korea and tragically killed 179 people. Plaintiffs are South Korean personal representatives of South Korean citizens who died in the accident. Plaintiffs filed nearly identical complaints asserting wrongful death claims against Boeing sounding in strict product liability and negligence. These cases should be dismissed in favor of a Korean forum under the doctrine of *forum non conveniens*. Boeing's Mot. to Dismiss on Grounds of *Forum Non Conveniens*, Dkt. No. 16 [hereinafter FNC Mot.].[1] In what appears to be an attempt to avoid this Court hearing that issue, Plaintiffs seek to voluntarily dismiss these cases. Their motion should be denied.

When Plaintiffs chose to file in Illinois, they filed the first lawsuits against Boeing arising from this accident. After Boeing removed and answered, one of the plaintiffs immediately tried to avoid this Court by filing a baseless motion to transfer under 28 U.S.C. 1406. And now, after Boeing filed its motion to dismiss on the ground of *forum non conveniens*, all three seek a way out through voluntary dismissal. Their justification is that since additional lawsuits were filed in Washington and Virginia, their cases should be dismissed so they can refile in a jurisdiction that would allow them to coordinate with the Washington and Virginia cases. That is inefficient and unnecessary. Controlling precedent from the U.S. Supreme Court and its progeny leaves no doubt that cases like these involving foreign aviation accidents where the majority of the evidence is located outside of the U.S. should be dismissed. *See* FNC Mot, Dkt. No. 16. That issue is a key threshold question and will need to be determined wherever the cases are pending. Plaintiffs should

---

[1] Docket entry citations are to *Ja v. The Boeing Co.*, No. 25-10509. Identical motions to dismiss on the grounds of *forum non conveniens* were also filed in the two other cases Plaintiffs seek to voluntarily dismiss. *See* Boeing's Mot. to Dismiss on Grounds of *Forum Non Conveniens*, Dkt. No. 13, *Hye v. The Boeing Co.*, No. 25-10512 (N.D. Ill.); Boeing's Mot. to Dismiss on Grounds of *Forum Non Conveniens*, Dkt. No. 13, *Yang v. The Boeing Co.*, No. 25-10513 (N.D. Ill.).

not be allowed to voluntarily dismiss these actions just to avoid an adverse decision on Boeing's dispositive motion. *See*, *e.g.*, *Fluker v. Cnty. of Kankakee*, 741 F.3d 787, 795 (7th Cir. 2013).

Even if these cases remain in the U.S. or the Court defers ruling on the *forum non conveniens* motion, dismissal is unnecessary to achieve the coordination Plaintiffs profess to desire. With cases pending in three separate federal jurisdictions, Boeing plans to move to centralize all related cases in a multidistrict litigation ("MDL"). *See*, *e.g.*, *In re Air Crash into Java Sea on Jan. 9, 2021*, 669 F. Supp. 3d 1368, 1371 (J.P.M.L. 2023) ("[A]viation disaster litigation involving foreign countries" is often a uniquely strong candidate for centralization because it is "unusually complex."). An MDL will be required even if this Court does dismiss these cases since there would still be two different federal jurisdictions involved. The MDL will moot Plaintiffs' concerns regarding coordination with the other lawsuits arising from this accident and thereby eliminate their sole justification for dismissal. Plaintiffs' proposed voluntary dismissal simply adds two unnecessary steps—dismissal and refiling—to ultimately reach the same MDL forum.

For these reasons, Plaintiffs' motion should be denied.

## BACKGROUND

Plaintiffs initially filed their complaints in Circuit Court of Cook County. *See* Notice of Removal 1–2, Dkt. No. 1. Boeing removed the cases to this Court, answered each complaint, and moved to reassign the related *Hye* and *Yang* cases to your Honor. *See id.*; Boeing's Answer and Affirmative Defenses, Dkt. No. 5; Boeing's Mot. for Reassignment, Dkt. No. 8. The Court granted Boeing's reassignment motion. Minute Entry, Dkt. No. 9.

In mid-September, Plaintiff in one of these cases, the *Ja* case, moved to transfer that case to the Eastern District of Virginia. *See* Pl.'s Mot. to Transfer 1-2, Dkt. No. 10. The *Ja* Plaintiff argued that she had initially filed her case in Illinois under the belief that Boeing would either consent to jurisdiction or to a transfer to the Eastern District of Virginia, but Boeing did neither.

*Id.* Plaintiff did not state the basis for that mistaken belief, as there was none—Boeing never agreed to transfer these cases or, before the case was filed, to waive personal jurisdiction. *See id.*; Boeing's Opp'n to Pl.'s Mot. to Transfer, Dkt. No. 20. And Boeing answered the complaint without moving to dismiss for lack of personal jurisdiction. *See generally* Answer, Dkt. No. 5. Plaintiff nonetheless argued that because this Court lacked jurisdiction over Boeing, she needed a transfer to the Eastern District of Virginia, where there was personal jurisdiction over Boeing. *See* Pl.'s Mot. to Transfer 1–2, Dkt. No. 10.

Boeing opposed the motion to transfer. Boeing's Opp'n to Pl.'s Mot. to Transfer, Dkt. No. 20. In its opposition, Boeing expressly consented to personal jurisdiction in this Court, eliminating any concern (no matter how remote) that prompted Plaintiff to move to transfer to the Eastern District of Virginia. *Id.* at 2.

Boeing also moved to dismiss all three complaints on grounds of *forum non conveniens*. FNC Mot., Dkt. 16. Boeing maintains that these cases, brought by South Korean citizens on behalf of South Korean decedents concerning an event that took place in South Korea, involve questions (among others) about the design of a Korean airport and the airport's bird control practices, and that are of profound importance to the people and government of South Korea, should be litigated in South Korea. *See id.*

The following week, all three Plaintiffs moved to voluntarily dismiss their complaints without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), *see* Pls.' Mot. to Voluntarily Dismiss Consolidated Actions, Dkt. No. 22. As with the transfer motion, Plaintiffs wish to move their cases to a different forum, this time by dismissing and refiling them. *Id.* at 3. Specifically, they want to coordinate with related cases that were recently removed to the Western

District of Washington and those that were filed in the Eastern District of Virginia. *See id.*[2]

Plaintiffs also moved to stay the briefing on Boeing's motion to dismiss on the grounds of f*orum non conveniens* pending resolution of Plaintiffs' motion to voluntarily dismiss. Pls.' Mot. to Stay Briefing, Dkt. No. 24. The Court granted that motion without briefing. *See* Minute Entry, Dkt. No. 25.

## LEGAL STANDARD

Once a defendant answers a complaint, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The plaintiff bears the burden "to persuade the district court and to establish that voluntary dismissal without prejudice is warranted." *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994). A district court has discretion to deny a plaintiff's motion to voluntarily dismiss an action without prejudice. *Id.*

A plaintiff may not voluntarily dismiss a case when dismissal will prejudice the defendant. *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985); *Wojtas v. Cap. Guardian Tr. Co.*, 477 F.3d 924, 927 (7th Cir. 2007). To evaluate prejudice, a court may look to "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969). That said, the enumeration of these factors did not create a stringent four-part test, but "rather simply a guide for the trial judge, in whom the discretion ultimately rests." *Tyco Lab'ys, Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980).

---

[2] *See Park et al. v. Boeing Co.*, No. 25-2204 (W.D. Wash.); *Re v. The Boeing Co.*, No. 25-1876 (E.D. Va.); *Jun v. The Boeing Co.*, No. 25-1881 (E.D. Va.); *Cheo v. The Boeing Co.*, E.D. Va. No. 25-1883 (E.D. Va.).

ARGUMENT

While courts often grant motions to voluntarily dismiss cases that are, as here, in their early stages, the court should deny Plaintiffs' motion to dismiss because (1) dismissal is an improper and wasteful attempt to evade Boeing's pending motion to dismiss on the grounds of *forum non conveniens*, and (2) Plaintiffs' stated reason for seeking dismissal will soon be moot.

**A.     The Court should adjudicate Boeing's *forum non conveniens* motion to avoid the prejudicial delay and wasted effort that would result from voluntary dismissal.**

Plaintiffs moved to voluntarily dismiss on the same day that the Court set a briefing schedule for Boeing's *forum non conveniens* motion. A plaintiff should not be allowed to use Rule 41, though, to avoid responding to a defendant's dispositive motion. *See Pace*, 409 F.2d at 334 (district court's denial of voluntary dismissal was "amply support[ed]" when plaintiff "failed to file any brief with respect to the motion for summary judgment and was attempting to deprive the defendant of a ruling on the summary judgment motion by its dismissal tactic."). Nor should Plaintiffs be allowed to use Rule 41 as a "backdoor attempt" to avoid an adverse ruling on Boeing's motion to dismiss. *See Fluker*, 741 F.3d at 795; *Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1385 (7th Cir. 1993); *Tolle*, 23 F.3d at 178.

To be clear, because this litigation will be far more conveniently litigated in South Korea, Boeing will move to dismiss on the grounds of *forum non conveniens* no matter where Plaintiffs refile. Rather than leaving that threshold issue for a different court to adjudicate and requiring Boeing to redo its motion after expending resources to file it here, the Court can, and should, deny Plaintiffs' Rule 41 motion and instead address the pending *forum non conveniens* motion. *See Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 725-26 (5th Cir. 1990) (district court properly adjudicated *forum non conveniens* issue instead of granting voluntary motion to dismiss because dismissal would result in plain legal prejudice). That course is particularly appropriate here given

the strength of Boeing's argument that South Korea is the only appropriate and convenient forum for these claims. *See generally* FNC Mot., Dkt. 16 (explaining why dismissal of these cases on grounds of *forum non conveniens* is appropriate). "Dismissal without prejudice may be inappropriate where the plaintiff seeks to avoid an adverse ruling by the Court." *Mezyk v. U.S. Bank Pension Plan*, No. 09-384, 2011 WL 147303, at *2 (S.D. Ill. Jan. 18, 2011). Just as courts generally disfavor voluntary dismissals once a motion for summary judgment has been filed, *see Pace*, 409 F.2d at 334, it would be wasteful and inefficient to defer ruling on the dispositive issue already before this court.

Plaintiffs' conduct of the litigation to this point makes prompt adjudication of the *forum non conveniens* issue all the more appropriate. *See id.* (instructing courts to consider prejudice in light of "the defendant's effort and expense" and "lack of diligence on the part of the plaintiff"). Consider the sequence of events. Plaintiffs chose to file in Illinois. Then, after Boeing answered the complaints, the *Ja* Plaintiff moved to transfer to Virginia under 28 U.S.C. § 1406, expressing unfounded concerns about personal jurisdiction. Boeing then raised the key threshold question in the case – under U.S. Supreme Court precedent *Piper Aircraft Co. v. Reyno*[3] and its progeny, should these claims, brought by or for South Korean residents arising out of an accident at a South Korean airport, be litigated in *any* U.S. forum? The answer to that question is not hard – these claims would be more conveniently litigated in South Korea where all potentially responsible parties can be joined, where the majority of evidence and witnesses are located, and where the people and government have a profound interest in the accident and the litigation arising from it. *See generally* FNC Mot., Dkt. 16. Boeing should not be forced to absorb the expense and delay of a new round of motions practice in a new venue just to get an answer on the question it has already

---

[3] 454 U.S. 235 (1981).

posed in Plaintiffs' initially selected forum: whether these cases belong in the United States or South Korea.

**B.      Dismissal also is unnecessary to achieve Plaintiffs' stated goal of coordination.**

Even setting aside the pending *forum non conveniens* motion, Plaintiffs' motion for voluntary dismissal should be denied. The Seventh Circuit has found "the reason for the plaintiff's request" to be of "particular interest" in evaluating a motion for voluntary dismissal. *See United States ex rel. Staples v. Cowan*, No. 00-4908, 2001 WL 290412, at *1 (N.D. Ill. Mar. 21, 2001) (citing *Jones v. Simek*, 193 F.3d 485, 491 (7th Cir. 1999)). Denial of voluntary dismissal is appropriate "when the plaintiff's stated reason for seeking the dismissal no longer exists." *See* 8 James Wm. Moore et al., *Moore's Federal Practice*, § 41.40(7)(b)(i) (2025). For example, in *American Yachts, Ltd. v. Great Lakes Yacht Sales, Inc.*, a plaintiff claimed that a key witness would be unavailable for deposition or trial, and voluntary dismissal for later refiling would allow the witness's availability. *See* No. 01-4593, 2002 WL 31399407, at *1 (N.D. Ill. Oct. 24, 2002). The court denied the motion to dismiss when the defendant showed that the witness was, in fact, available. *Id.* at *1–2.

That is the case here. Plaintiffs' sole justification for voluntary dismissal—that they wish to refile in a different district to better coordinate with other plaintiffs—will not exist once, as it is almost certain to do, the Judicial Panel on Multidistrict Litigation has created an MDL that centralizes all of the cases in one forum.[4] The inevitable creation of an MDL moots Plaintiffs'

---

[4] The Panel frequently and consistently centralizes litigation related to aviation accidents. It has done so at least 20 times since 2000. *See In re Air Crash at Toronto Pearson Int'l Airport on Feb. 17, 2025*, -- F. Supp. 3d --, MDL No. 3155, 2025 WL 2326833 (J.P.M.L. Aug. 8, 2025); *In re Air Crash into Java Sea on Jan. 9, 2021*, 669 F. Supp. 3d at 1371; *In re Air Crash over the S. Indian Ocean, on Mar. 8, 2014*, 190 F. Supp. 3d 1358 (J.P.M.L. 2016); *In re: Air Crash at San Francisco*, 987 F. Supp. 2d 1378 (J.P.M.L. 2013); *In re: Air Crash at Georgetown, on July 30, 2011*, 895 F. Supp. 2d 1355 (J.P.M.L. 2012); *In re: Air Crash Near Rio Grande, on Dec. 3, 2008*, 787 F. Supp. 2d 1361 (J.P.M.L. 2011); *In re: Air Crash Over the Mid-Atl. on June 1, 2009*, 706 F. Supp. 2d 1372 (J.P.M.L. 2010); *In re: Air Crash at Madrid, on Aug. 20,*

concerns regarding coordination, as all cases arising from this accident will be transferred to a single district for coordinated or consolidated pretrial proceedings. It also makes dismissal unnecessary and inefficient, as Plaintiffs' cases, if dismissed now, will simply be transferred to the MDL once refiled. Even that amount of jurisdiction-hopping will be unnecessary if the Court simply grants Boeing's motion to dismiss on the grounds of *forum non conveniens*. But if the Court does not address Boeing's motion, it is still far more efficient for the Court to deny the motion to voluntarily dismiss and allow the MDL process to address Plaintiffs' concerns regarding coordination.

## CONCLUSION

Because voluntary dismissal is unnecessary, inefficient, and would prejudice Boeing, the Court should deny Plaintiffs' motion.

---

*2008*, 672 F. Supp. 2d 1378 (J.P.M.L. 2010); *In re Air Crash near Clarence Ctr., on Feb. 12, 2009*, 655 F. Supp. 2d 1355 (J.P.M.L. 2009); *In re Air Crash over Makassar Strait, on Jan. 1, 2007*, 626 F. Supp. 2d 1354 (J.P.M.L. 2009); *In re Air Crash at Tegucigalpa, on May 30, 2008*, 598 F. Supp. 2d 1368 (J.P.M.L. 2009); *In re Crash near Medan, on Sept. 5, 2005*, 544 F. Supp. 2d 1379 (J.P.M.L. 2008); *In re Air Crash near Peixoto de Azeveda, on Sept. 29, 2006*, 493 F. Supp. 2d 1374 (J.P.M.L. 2007); *In re Air Crash near Athens, on Aug. 14, 2005*, 435 F. Supp. 2d 1340 (J.P.M.L. 2006); *In re Air Crash near Kirksville, on Oct. 19, 2004*, 383 F. Supp. 2d 1382 (J.P.M.L. 2005); *In re Air Crash Near Woodbury, on Dec. 20, 2002*, 374 F. Supp. 2d 1358 (J.P.M.L. 2005); *In re Air Crash Near Castellon on Oct. 10, 2001*, 296 F. Supp. 2d 1372 (J.P.M.L. 2003); *In re Air Crash at Charlotte Int'l Airport*, 290 F. Supp. 2d 1379 (J.P.M.L. 2003); *In re Air Crash Near Edgartown*, on Oct. 6, 2000, 269 F. Supp. 2d 1370 (J.P.M.L. 2003); *In re Air Crash at Belle Harbor, on Nov. 12, 2001*, 203 F. Supp. 2d 1379 (J.P.M.L. 2002).

DATED: November 7, 2025

By: /s/ Mack H. Shultz

Mack H. Shultz, Bar No. 27190
Daniel P. Ridlon, Bar No. 37927
**PERKINS COIE LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: (206) 359-8000
Fax: (206) 359-9000
MShultz@perkinscoie.com
DRidlon@perkinscoie.com

Patrick P. Clyder
Zoë Smith
**McGuireWoods LLP**
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601-1818
Phone: (312) 849-8100
Fax: (312) 849-3690
pclyder@mcguirewoods.com
zsmith@mcguirewoods.com