**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LEE MYUNG JA, Special
Administrator of the Estate
of PARK JONG DAL,
deceased,

      Plaintiff                           1:25-cv-10509

                                        Hon. Steven C. Seeger

      v.

THE BOEING CO.,

      Defendant

                                    consolidated with
                                    1:25-cv-10512
                                    *Hye v Boeing*
                                      and

                                    1:25-cv-10513
                                    *Yang v Boeing*

**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO
VOLUNTARILY DISMISS CONSOLIDATED ACTIONS WITHOUT PREJUDICE**

      This case arises from the December 29, 2024 deadly crash in South Korea of a Boeing

730-7800 aircraft in which 179 persons, including these plaintiffs' decedents, lost their lives.

Contrary to defendant Boeing's characterization of the occurrence, the accident aircraft did not

crash because of conditions or structures at the subject airport. Rather, plaintiffs allege defendant

Boeing's defective design of its aircraft caused the loss of *both* engines and the resulting

complete failure of the electrical and hydraulic and braking and deceleration systems. The

aircraft was unable to stop while attempting to land and violently crashed, killing 179 people.

      The motion presently before this court is a fairly straightforward motion to voluntarily

dismiss without prejudice pursuant to Rule 41(a)(2). All of the factors supporting a voluntary

dismissal without prejudice are present. Plaintiffs have diligently prosecuted this action and filed a motion to transfer within two weeks of defendant's filing of its answer and affirmative defenses. There is no pending motion for summary judgment and defendant's forum non conveniens motion discussed below is not a dispositive motion.

Defendant Boeing has not incurred significant effort and expense in preparing for trial. This action has only recently been commenced and no discovery has been served. Defendant Boeing has hurriedly and prematurely filed a forum non convenience motion to dismiss, hoping to deny plaintiffs the opportunity to conduct discovery on this fact-based defense, in order to gain a strategic advantage, as discussed below. In any event, defendant can assert this forum non conveniens motion to dismiss in a subsequent action without making any substantive changes or additions and without incurring any real additional expense as the relevant factors applicable to a forum non conveniens analysis are the same before any court.

Plaintiffs have given a sufficient explanation for their motion. There are other actions pending in other courts arising from the deaths of 20 victims of this same crash and an additional 30 victims' families may be filing another action. Plaintiffs here seek to consolidate their subject actions with actions in other courts so that all plaintiffs may coordinate their efforts and be heard by the same court on common issues, particularly the forum non inconvenience motion to dismiss.

Boeing states it intends to file a motion before the Judicial Panel on Multidistrict Litigation (MDL) for the assignment of an MDL court to conduct consolidated or coordinated pretrial proceedings in all these related actions. However, Boeing is being very disingenuous. It seeks to bypass the MDL panel and future MDL court by persuading this Court to grant its forum non convenience motion to dismiss before an MDL court is even convened. Boeing then will

seek to use any such grant of its motion to dismiss by this Court to collaterally estop the numerous plaintiffs in other actions from defending the motion to dismiss. There then will be no further pre- trial proceedings for the MDL court to conduct.

There is no basis for defendant Boeing's objections to plaintiffs' motion and Boeing should not be allowed to circumvent the very MDL proceedings it claims it will request. Plaintiffs respectfully submit their motion to dismiss without prejudice should be granted.

## FACTS

### Filing and Removal of These Actions

Plaintiffs initially filed three separate actions in the Circuit Court of Cook County, Illinois. Defendant Boeing removed each of the actions to the U.S. District Court for the Northern District of Illinois. For some reason, defendant did not remove the actions in the order in which they were filed in the Circuit Court. Rather, the second filed action, *Ja v Boeing,* 1:25-cv-10509, was the first action removed by defendant Boeing to this Court and the two other actions were then consolidated with the *Ja v Boeing* action and assigned to this Court.

### Boeing's Principal Place of Business

In an earlier international air crash case, *In re Air Crash Into the Java sea on January 9th 2021*, 1:23-MD-03072-AJT-WEF ("Sriwijaya Air"), Boeing vigorously argued that at the time most of the cases arising from that air crash were filed, Boeing had moved its headquarters from Illinois to Virginia and the actions therefore had to be brought in Virginia federal court. After detailed briefing and argument, the Court in *Sriwijaya Air,* ultimately agreed with Boeing and held that Boeing's principal place of business is now in Virginia and the actions arising from that air crash had to be brought in the federal court in Virginia. In a separate ruling, the U.S. District

Court for the Eastern District of Virginia then denied Boeing's forum non conveniens motion to dismiss.

**<u>Conversation With Boeing's Counsel Mack Shultz</u>**

After defendant Boeing removed these actions to this federal court, plaintiffs' counsel called Mack Shultz, head of aviation litigation for the Seattle law firm of Perkins Coie, the longtime counsel for defendant Boeing. Plaintiffs' counsel has worked with and known Mr. Shultz for several decades. Plaintiffs' counsel asked Mr. Schultz whether, in view of the decision of the Court in the *Sriwijaya Air* case, Boeing intended to seek a transfer to the U.S. District Court for the Eastern District of Virginia where Boeing now has its principal place of business or intended to litigate these actions before this Illinois court as it did in the Max 8 litigation arising from the crashes of Lion Air JT 610 and Ethiopia Air ET 302. Mr. Schultz stated Boeing was considering this issue.

What is important is what Mr. Schultz did *not* say in this conversation. He did not state that Boeing would take the-never-before-heard of and inconsistent position that Illinois did not have jurisdiction over Boeing, but Boeing would not move to dismiss the Illinois actions and would not move to transfer the actions to Virginia, and in fact would object to any attempt by plaintiffs to transfer the actions to Virginia.

**<u>Plaintiffs' Motion to Transfer</u>**

However, this is *exactly* what Boeing did. It subsequently asserted in its affirmative defense (Dkt. #5) that this Illinois court does not have personal jurisdiction over it as its principal place of business is in Virginia. However, Boeing did not move to dismiss the Illinois actions and it would neither agree to jurisdiction in Illinois nor move to transfer the actions to Virginia.

Plaintiffs therefore filed a motion to transfer pursuant to section 1406 (Dkt #10) to transfer these actions to the proper venue in Virgina. Plaintiffs advised the Court that defendant claimed this Illinois court did not have jurisdiction over it, but defendant would neither move to dismiss the Illinois actions nor transfer those actions to Virginia. Plaintiffs argued that under these facts the appropriate remedy is a transfer to the federal court in Virginia.

### Conversation With Boeing's Counsel Patrick Clyder

In response to plaintiffs' motion to transfer these actions under §1406, plaintiffs' counsel received a request from Boeing's counsel Patrick Clyder, who plaintiffs' counsel also knows very well, for an extension of time of four weeks to respond to plaintiffs' motion. Plaintiff' counsel called Mr. Clyder and had a conversation about this request. Specifically, plaintiffs' counsel stated he was very skeptical about the reason for Boeing's request. Plaintiffs' counsel asked Mr. Clyder why Boeing possibly would need 4 weeks to respond to a simple motion to transfer. Plaintiffs' counsel asked Mr. Clyder whether Boeing intended to use this time to prepare and file a form non convenience motion to dismiss and then ask this Court to decide that forum non conveniens motion to dismiss before even deciding plaintiffs' motion to transfer.

Mr. Clyder responded that he did not know of any such intent by Boeing and that he did not know whether such a procedural ploy was even allowed. Rather, he stated he needed the four week extension simply because of the press of other business. As a courtesy to Mr. Clyder, plaintiffs' counsel agreed not to oppose the request for the four week extension.

### Boeing's Objections To Plaintiffs' Motion to Transfer

Boeing then did exactly what plaintiff' counsel suspected, but which Boeing's attorney Mr. Clyder assured plaintiff' counsel was not Boeing's intent.[1] Boeing filed a forum non

---

[1] Plaintiffs' counsel believes it was Boeing, and not its attorney Mr. Clyder, who made the decision to take this action in contradiction of Mr. Clyder's representations.

convenience motion to dismiss (Dkt.#16) and objected to plaintiff motion to transfer (Dkt. #20)
Boeing completely changed its position from its affirmative defenses (Dkt. #5) and now states it
consents to jurisdiction in this federal court in Illinois. (Interestingly, Boeing labeled plaintiff's
concerns about a lack of jurisdiction in Illinois as "unfounded" (Defendant's Opposition to
Plaintiffs' Motion to Voluntarily Dismiss, p. 7) when it was Boeing which created those concerns
by initially stating this federal court in Illinois did not have jurisdiction over it (Dkt. #5))

Plaintiffs then filed this motion to voluntarily dismiss without prejudice. Boeing states a
dismissal is not necessary because it intends to move the Judicial Panel on Multidistrict
Litigation (MDL) for the appointment of a MDL court. Boeing argues plaintiffs can coordinate
all pretrial matters before the MDL court and a motion to transfer therefore is not necessary.
However, plaintiffs sought a transfer through their §1406 motion and Boeing objected, thereby
making this motion for voluntary dismissed without prejudice necessary. As discussed below,
plaintiffs believe Boeing's real intent is to persuade this Court to grant its forum non conveniens
motion to dismiss which Boeing then will seek to apply as to the claims of all other victims'
families, effectively precluding any MDL litigation.

**The Claims Of Other Victims' Families**

Lawsuits have been filed in the Eastern District of Virginia on behalf of the families of
six other victims of this crash. In addition, families of 14 other victims of this crash filed suit in
state court in Washington and Boeing has removed that action to the US District Court for the
Western District of Washington. Plaintiffs' counsel also is advised that 30 or more families of
other victims have retained US counsel with the intent to file a lawsuit against Boeing in the U.S.
Therefore there are three actions pending in this Court and actions pending on behalf of 20  other

6

victims in other courts, with the possibility of actions being brought on behalf of 30 additional victims in another U.S. court.

### Proposed MDL Proceedings

Boeing states it will file a motion before the MDL panel for the appointment of an MDL court. However, it has not yet done so. Plaintiffs would agree to such an MDL appointment, but maintain that any discovery, briefing, argument or decision on defendant's forum non conveniens motion to dismiss be deferred until the appointment of an MDL court.

### ARGUMENT

### Plaintiffs Have Diligently Pursued Their Claims Without Delay

Defendant Boeing argues that a voluntary dismissal may be denied for excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action. However, defendant does not, and cannot, cite to any delay or lack of diligence on the part of plaintiffs in seeking a voluntary dismissal. Plaintiffs filed their motion to transfer venue under § 1406 (Dkt. #10) within two weeks of the time defendant Boeing filed its affirmative defense, stating that Illinois had no jurisdiction, but refusing to move to dismiss or to move to transfer to Virginia (Dkt/ #5), a position never discussed by Boeing's counsel Shultz in his conversation with plaintiffs' counsel

Then, when defendant Boeing completely reversed its position and consented to jurisdiction in Illinois (Dkt. # 20), contrary to the representation of Boeing's counsel Clyder in his conversation with plaintiffs' counsel, plaintiffs promptly filed this motion to voluntarily dismiss (Dkt. #22), within *6 days* of defendant's objection to plaintiffs' motion to transfer. As discussed below, plaintiffs filed the present motion to respond to defendant Boeing's objection to plaintiffs' motion to transfer, not to avoid a ruling on defendant's unfounded forum non conveniens motion to dismiss.

Defendant Boeing does not cite to any case in which a voluntary dismissal was denied for lack of diligence under facts like those present here. In *Buller v Owner Operator Independent Driver Risk Retention Group, Inc,* 461 F. Supp 2d 757 (S. D. Il. 2006), the Court granted plaintiff's motion to voluntarily dismiss without prejudice upon finding that the factors strongly weighed in favor of a voluntary dismissal without prejudice. The Court noted that, like here, the case was not close to trial and was not in an advanced stage. Most of the activity in that case at the time plaintiff filed its motion for a voluntary dismissal had concerned the threshold issue of subject matter jurisdiction and defendant had not incurred a great deal of expense. In *Buller*, unlike here, defendant had filed a motion for summary judgment, but the Court nevertheless held that plaintiff had been diligent in seeking a voluntary dismissal.

Plaintiffs diligently prosecuted these actions and this factor weighs in favor of a voluntary dismissal without prejudice.

### There Is No Motion For Summary Judgment Pending

It also is undisputed that there is no motion for summary judgment pending. Defendant Boeing's forum non conveniens motion is not a motion for summary judgment and is not even a dispositive motion, as a plaintiff may refile an action in the defendant's proposed alternative forum in the event of a forum non conveniens dismissal in the U.S.

Plaintiffs recognize that a defendant, including Boeing, often misuses the forum non conveniens defense by seeking to obtain a dismissal in favor of a foreign forum with the expectation that plaintiffs will never pursue an action in its proposed alternative foreign forum, due to the insurmountable inconvenience to plaintiffs, and defendant thereby will avoid ever having to respond to claims of defective defects in its aircraft, such as those of plaintiffs here.

This is exactly what defendant Boeing is doing here. It hurriedly and prematurely filed a form non conveniens motion to dismiss, hoping to persuade this Court to grant such a motion when defendant Boeing well knows a forum non convenience motion to dismiss is fact specific and requires discovery, as "each case turns on its facts." *Van Cauwenberghe v Biard,* 486 U.S. 517, 529 (1988). Discovery on this issue is required as a court must "scrutinize the substance of the dispute between the parties to evaluate what proof is required and [to] determine whether the pieces of evidence cited by the parties are critical, or even relevant to the plaintiff's cause of action and to any potential defenses to the action." *Van Cauwenberghe, supra*; *Gupta v. Austrian Airlines,* 211 F.Supp.2d 1078, 1087 (N.D. Ill. 2002) (evidence defendant seeks is not "critical, or even relevant.")

The Court in *In re Bridgestone/Firestone Inc.,* 131 F.Supp.2d 1027 (S.D. Ind. 2001), held that "this rather daunting task [of weighing the private interest factors] is hardly one to be undertaken without adequate information" and "therefore, it behooves courts to permit discovery on facts relevant to forum." *Id.* at 1029-30. *See Reid-Walen v Hansen,* 933 F.2d 1390 (8th Cir. 1991) (dismissal reversed where record insufficient to meet defendant's burden of proof).

This is not a case such as *Wojtas v Capital Guardian Trust Company,* 477 F. 3d 924 (7th Cir. 2007) cited by defendant Boeing in which there was a clear statute of limitation defense applicable. Defendant Boeing had expressed dissatisfaction with this Court's decision to defer a ruling on defendant's forum non conveniens motion to dismiss until the Court decided plaintiffs' motion to transfer. However, the Court's decision was logical and correct

The fact remains that there is no motion for summary judgment or other dispositive motion pending and this factor also favors a voluntary dismissal without prejudice.

**Boeing Will Not Incur Any Significant Expense Or Prejudice**

Defendant Boeing argues that it will be required to redo its form non conveniens motion to dismiss to file it in another court after spending resources to file it in this Court. However, the private and public interest factors to be considered in the forum non conveniens analysis under *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 (1947), remain the same no matter in what court the motion is brought. (Different courts may view the application of the forum non conveniens factors to the facts before it differently, but the applicable factors remain the same.)

Defendant Boeing will file essentially the same forum non conveniens motion to dismiss, with the same supporting affidavits and "evidence," in any court in which these actions are brought. Significantly, the proper comparison between the competing forums in an international case such as this, are the United States and defendant's proposed alternative forum in another country and not between a particular state in the United States and defendant's proposed alternative forum in another country. In *Mercier v. Sheraton International, Inc.*, 935 F.2d 419 (1st Cir. 1991), the Court held that the District Court had applied the wrong comparison as "the choice facing the district court was between two *countries* – the United States and Turkey and the controversy [is] local to the United States, if not necessarily to Massachusetts."

Therefore, defendant Boeing can file essentially the same forum non conveniens motion to dismiss in any other court and it is not prejudiced and will not incur any significant expense. This factor again weighs in favor of a voluntary dismissal without prejudice.

**<u>Plaintiffs Do Not Bring This Motion To Avoid An Adverse Ruling By The Court</u>**

Plaintiffs have provided this court with a very good explanation for plaintiffs' motion to voluntarily dismiss without prejudice. There are claims pending in other courts by at least 20 victims of this same air crash and at least an additional 30 victims' families have retained U.S. counsel and may file lawsuits in another U.S. court. Plaintiffs have moved for a voluntary

dismissal without prejudice of these consolidated actions involving the deaths of three victims so that they may coordinate with counsel for these other 20-50 victims' families and present a consolidated prosecution of all claims arising from this air crash. The Court in *Buller, supra,* granted a voluntary dismissal without prejudice upon finding that plaintiffs had presented an "excellent reason" for its motion. Plaintiff stated that he intended to combine all related actions in one lawsuit to avoid parallel actions. Plaintiff's voluntary dismissal without prejudice would allow all claims and defenses to be asserted in one action. This is the intent of plaintiffs here.

Defendant Boeing argues that these plaintiffs have filed their motion to voluntarily dismiss in order to avoid a ruling by this Court on defendant's forum non conveniens motion to dismiss. Defendant offers absolutely no evidence of such intent by plaintiffs. Defendants cite to *Kapoulas v Williams Insurance Agency Inc*, 11 F.3d 1380 (7th Cir. 3rd 1993), but in that case discovery, unlike here, was well underway and the Court had made decisions on other issues. The Court found plaintiff intended to refile its action in state court to avoid further adverse rulings by the federal court. Similarly, in *Quintero v Klaveness Ship Lines,* 914 F.2d 717 (5th Cir 1990), the Court already had decided choice of law, a factor relevant to the public interest factors under the forum non conveniens analysis. This Court has made no rulings to date on any substantive issue.

Defendant Boeing incorrectly and improperly points to the timing of plaintiffs' motion to voluntarily dismiss and defendant's filing of its forum non conveniens motion in accusing plaintiffs of using rule 41 as a "backdoor attempt" to avoid an adverse ruling on defendant's motion to dismiss. However, plaintiffs have explained above the timing of their filing of this motion and again point out that the dates of the respective filings were largely the result of defendant Boeing obtaining a four week extension to file a simple response to plaintiffs'

straightforward motion to transfer and using that time to file a forum non conveniens motion, contrary to the representations of its counsel. Plaintiffs' present motion to voluntarily dismiss has nothing to do with defendant's unfounded forum non convenience motion.

It is defendant Boeing which is engaging in reverse forum-shopping here. It apparently has made a judgment that it is this Court which is most likely to grant its forum non conveniens motion to dismiss. Perhaps defendant Boeing fears the Eastern District of Virginia will summarily deny its motion, as it did in the recent *Sriwijaya* case. Defendant Boeing now attempts to misuse the forum non convenience defense to obtain a dismissal from this Court which and apply such a decision to the claims of all victims' families.

Plaintiffs believe any Court which, given the opportunity to review all the facts and apply the applicable private and public interest factors, will deny defendants Boeing's motion.[2] A forum non conveniens defense is a drastic remedy and defendant bears the burden of persuasion on each element of the defense. Specifically, defendant bears the burden of proving that "plaintiff's chosen forum [is] `*oppressive and vexatious* to the defendant, out of all proportion to the plaintiff's convenience.'" *In re Bridgestone/Firestone, Inc. Tire Product Litigation Action*, 420 F.3d 702, 703 (7th Cir. 2005), *quoting In re Ford Motor Company*, 344 F.3d 648, 651 (7th Cir. 2003) (emphasis added). "Unless the balance is *strongly* in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re Bridgestone/Firestone, Inc., supra*, at 704, *quoting Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (emphasis added).

---

[2] Plaintiffs submit this motion to voluntarily dismiss is not the proper vehicle to argue defendant's forum non conveniens motion. However, because defendant Boeing accuses plaintiffs of using Rule 41 as a "backdoor" to avoid ruling on defendant's motion, plaintiffs are compelled to briefly discuss the lack of a basis for defendant's motion.

Also, plaintiffs have brought this action in defendant's home forum. Defendant, having its headquarters in the U.S. (in either Illinois or Virginia), can hardly contend with any credibility that being forced to defend its product in its home forum is in any way inconvenient to it. *See Ellis v AAR,* 357 Ill.App.3d 723, 743, 828 N.E.2d 726, 743 (1st Dist. 2005) ("*it is incredulous for two Illinois resident corporations to argue that* their home state is inconvenient to them to litigate this matter.")

Also, defendant Boeing bears the burden of proving that the evidence it claims to need from its proposed alternative forum in South Korea is "critical, or even relevant." *Van Cauwenberghe, supra* at 528; *Gupta v Austrian Airlines,* 211 F.Supp.2d 1078, 1087 (N.D. Ill. 2002). As the Court held in *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 74 (2d Cir. 2001), in considering a forum non conveniens motion, "the court should focus on the precise issues that are likely to be tried…[T]he court might reach different results depending on whether the alleged negligence lay in the conduct of the actors at the scene of the accident, or the design or manufacture at a plant distant from the scene of the accident." In *In re Air Crash Disaster Near Palembang,* No. MDL 1276, 2000 WL 33593202 (W.D. Wash. Jan. 14, 2000), the Court denied defendant Boeing's forum non conveniens motion to dismiss, holding:

> [Plaintiffs] allege the crash was caused by a design defect [in the Boeing aircraft] . . . many of the witnesses and much of the tangible evidence *related to this alleged design defect theory* is located in Washington state or elsewhere in the United States. It is clear that a significant portion of the evidence *related to this theory of liability* is to be found *at the place where the plane was designed*, not the place where it crashed.

*Id.* at *17 (emphasis added). *See also Gates Learjet Corp. v Jensen,* 743 F.2d 1325, 1335-36 (9th Cir. 1984) (court should evaluate the materiality and importance of the anticipated witnesses' testimony and evidence and then determine their accessibility and convenience to the forum) As in *Palembang, supra,* plaintiffs' claims are for defendant Boeing's defective design of the aircraft

13

in the United States and all of the documents and witnesses related to that claim are in the United States and plaintiffs believe this evidence already is in the possession of defendant Boeing and its U.S. counsel as defendant Boeing is a participant in the official accident investigation.

Plaintiffs have not filed their motion to voluntarily dismiss without prejudice for any improper purpose.

**Defendant Boeing's MDL Proposal**

Defendant Boeing now states for the first time that it intends to file a motion before the Judicial Panel on Multidistrict Litigation (MDL) for the appointment of an MDL court and, thus, plaintiffs' reason for seeking a voluntary dismissal--to coordinate with plaintiffs in other forums--will not exist. Defendant Boeing states the MDL panel will create an MDL court into which all cases arising from the subject air crash will be consolidated for pre-trial proceedings. (Defendant's opposition, p. 8)

Plaintiffs agree to the creation of an MDL court and question only why defendant Boeing did not earlier propose an MDL proceeding, but instead objected to plaintiffs' motion to transfer.

However, plaintiffs still suspect defendant Boeing of using its proposal of an MDL proceeding as a subterfuge for persuading this Court to first grant its formed non conveniens motion to dismiss and then using any such decision to seek a similar dismissal of the claims of all other victims' families before the MDL court. Defendant Boeing then will have made the assignment of an MDL court moot.

## CONCLUSION

For all of the above reasons, plaintiffs respectfully request this Court to grant plaintiffs' motion to voluntarily dismiss these consolidated actions without prejudice.

14

Respectfully submitted,

*Floyd Wisner*

Floyd A. Wisner
Attorney for Plaintiff

Wisner Law Firm
181 W Madison St
Suite 4700
Chicago, IL 60602
312-262-9434 (phone)
faw@wisner-law.com (e-mail)
IL Bar # 3048713

**Certificate of Service**

The undersigned attorney certifies that on November 20, 2025, he filed this Reply Memorandum with the Clerk of Court through the ECM system and served a copy of this Memorandum upon counsel for defendant by e-mail.

*Floyd Wisner*

Floyd A. Wisner